UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20031-CR-SCOLA

UNITED STATES OF AMERICA

vs.

JOAO LUIZ MALAGO,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 3 AND 12-16

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Courts 3 and 12-16 of the Indictment. (ECF No. 53) The Defendant seeks to dismiss Count 3 and 12-16 which alleges that the Defendant violated 49 USC. § 46306(b)(4) by knowingly and willfully falsifying and concealing a material fact by asserting that North Atlantic Aircraft Services Corporation was the true owner of several aircrafts when he knew that it was not. The Defendant argues that the term "true owner" as contained in the superceding indictment is so fundamentally ambiguous as to preclude a conviction as a matter of law. The Government has filed a Response to Defendant's Motion. (ECF No. 74) Having reviewed the Motion, the Government's Response, the record, and the relevant legal authorities, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss Counts 3 and 12-16 is **DENIED**.

49 U.S.C. § 46306(b)(4), Registration violations involving aircraft not providing air transportation, reads as follows:

> (b) General criminal penalty – Except as provided by subsection (c) of this section, a person shall be fined under title 18, imprisoned for not more than 3 years, or both, if the person –

1

> (4) obtains a certificate authorized to be issued under this part by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious or fraudulent statement or entry;

In counts 3 and 12-16 of the Superseding Indictment, the Defendant is charged with "knowingly and willfully falsifying and concealing a material fact by asserting that North Atlantic Aircraft Services Corporation was the true owner of [five aircrafts], when in truth and in fact, and as the defendant then and there well knew, North Atlantic Aircraft Services Corporation was not the true owner," in violation of 49 U.S.C. § 46306(b)(4) (ECF No. 34).

For each of these counts, the Government must prove that the Defendant knowingly and willfully made a materially false statement as to ownership of the aircrafts in his submission of a Form 8050-1 Aircraft Registration Application to the Federal Aviation Administration ("FAA"). In its response to the Defendant's Motion to Dismiss, the Government alleges that the evidence will show two materially false statements on each Form 8050-1: (1) that the defendant knew he was not the owner of the aircraft, but at most was the broker for the sale of the aircraft; and (2) that the corporation he was signing on behalf of was not a U.S. citizen corporation, but rather a non-citizen corporation. The Defendant asserts that Counts 3 and 12-16 of the Superseding Indictment should be dismissed because the use of the term "true owner" in the indictment is so fundamentally ambiguous as to preclude conviction as a matter of law.

I. **FACTUAL BACKGROUND**

The facts supporting Counts 3 and 12-16 of the Superseding Indictment are as follows: The Defendant was listed as the President of North Atlantic Aircraft Services Corporation

("NAASC") during the time period specified in these counts, September 2010 through May 2011. The Defendant served as a broker, purchasing planes in NAASC's name in order to eventually sell and deliver them to his international customers who usually provided the funding and specifications for the planes purchased. He would then take possession and ownership of the planes, file the appropriate registration paperwork, and take responsibility for the plane's maintenance, repairs and custody until the plane could be safely sold and delivered to the customer. His responsibilities included filing customs paperwork to the United States regarding the individual to whom he was selling the plane, to whom he was delivering the plane and to where he was exporting the plane. From March 16, 2009 through August 24, 2010, the Defendant executed five purchase contracts on behalf of NAASC for five different planes, and for each plane submitted an application for Aircraft Registration Form 8050-1 signed by the Defendant.

## II. CONTROLLING LAW AND ANALYSIS

**A. Standard on Motion to Dismiss Counts for Fundamental Ambiguity**

The Federal Rules of Criminal Procedure permit motions before trial to raise any "defense or objection which is capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b)(1). A defense is "capable of determination" if trial of the facts surrounding the commission of the charged offense would be of no assistance in determining the validity of the defense. *United States v. Covington*, 395 U.S. 57, 60-61 (1969). The Court notes that "there is no summary judgment procedure in criminal cases" and the "sufficiency of a criminal indictment is determined on its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). As long as the defendant was properly indicted, meaning the indictment charges in the language of the statute, *see id.*, then the government is entitled to present its evidence at trial

and the sufficiency of that evidence is more appropriately tested in a motion for acquittal under Fed. R. Crim. P. 29, *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004).

However, a motion to dismiss the indictment should be granted when the application form or question is "so fundamentally ambiguous as to preclude a conviction as a matter of law." *United States v. Manapat*, 928 F.2d 1097, 1100 (11th Cir. 1991). "Various courts have held that a question that is fundamentally ambiguous cannot serve as the basis for a false statement prosecution." *Damrah*, 334 F. Supp. 2 at 972 (citing *Manapat*, 928 F.2d 109); *see also U.S. v. Safavian*, 451 F. Supp. 2d 232, 248 (D.D.C. 2006)("A defendant cannot as a matter of law be convicted of a false statement on the basis of an answer to a question if the question is 'excessively vague' or 'fundamentally ambiguous.'"). Thus, the issue turns on how much ambiguity is too much, or "the point at which a question becomes so ambiguous that it is not amenable to jury interpretation." *Ryan*, 828 F.2d at 1015.

In *Ryan*, the Third Circuit held "the point is reached 'when it [is] entirely unreasonable to expect that the defendant understood the question posed to him.'" *Id.* (quoting *United States v. Slawik,* 548 F.2d 75, 86 (3d Cir. 1977)). In the Eleventh Circuit, a statement or question is fundamentally ambiguous when it is "too ambiguous to allow a jury to speculate as to the defendant's intentions at the time she filled out the application form." *Manapat*, 928 F.2d at 928. "A question or phrase is ambiguous as a matter of law when it 'is not a phrase with a meaning about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answered unless it were defined at the time it were sought and offered as testimony.'" *Id.* (quoting *United States v. Lattimore*, 127 F. Supp. 405, 410 (D.D.C. 1995)).

"As a general rule, the fact that there is some ambiguity in a falsely answered question will not shield the respondent from a perjury or false statements prosecution." *U.S. v. Ryan*, 828 F.2d 1010, 1015 (3d Cir. 1987). When a question or statement is unambiguous or only "arguably ambiguous," the jury can properly decide the defendant's understanding of the question. *United States v. Bell*, 623 F.2d 1132, 1136 (5th Cir. 1980); *see also United States v. Damrah*, 334 F. Supp. 2d 967, 972 (N.D. Ohio 2004)("Generally, questions of ambiguity are left to the jury to resolve."). "Words need not be defined in statutes, in regulations, or on government forms to be free from fundamental ambiguity." *Damrah*, 334 F. Supp. 2d at 973.

The context of the question or statement is also relevant to a determination of its ambiguity. In *Manapat*, the Eleventh Circuit recognized that "[s]everal courts have stated that '[a] defense to a charge of perjury may not be established by isolating a statement from context, giving it in this manner a meaning entirely different from that which it has when the testimony is considered as a whole.'" *Manapat*, 928 F.2d at 1101 (quoting *United States v Bonacorsa*, 528 F.2d 1218, 1221 (2d Cir. 1976)). "In cases where the defendant raises the defense of fundamental ambiguity, context is paramount." *Damrah*, 334 F. Supp. 2d at 972. In *United States v. Culliton*, 328 F.3d 1074, 1079 (9th Cir. 2003), the Ninth Circuit held that a "question is not ambiguous simply because the questioner and the respondent may have different interpretations. Rather we must consider the context of the question and [defendant's] answers, as well as other extrinsic evidence relevant to his understanding of the questions posed in the form."

B. **Whether the term "true owner" is fundamentally ambiguous**

The Defendant argues that the term "true owner" in Counts 3 and 12-16 of the Superceding Indictment is fundamentally ambiguous and therefore precludes conviction as a matter of law. The Government responds that the term requires no subjective assessment and can

5

be understood under standard, legal terms. Moreover, the Government argues that the indictment properly charges the Defendant and that to the extent the motion seeks dismissal of these Counts based on alleged evidentiary failures, such an argument is procedurally improper at this stage and should instead be made under Fed. R. Crim. P. 29 after the Government has presented its evidence at trial.

In supporting its motion, the Defendant relies heavily upon *United States v. Manapat*, 928 F.2d 1100 (11th Cir. 1991) in which the Eleventh Circuit affirmed the granting of a motion to dismiss on the basis of an ambiguity in another FAA form. In *Manapat*, the Defendant was charged with knowingly and willfully making false statements in the form by falsely answering "no" to questions of whether she had a record of traffic convictions or other convictions. *Manapat*, 928 F.2d at 1101. The Eleventh Circuit agreed that the two questions were ambiguous in the context of the form because the two questions were included within a medical history section that asked whether the applicant had any of twenty-four medical conditions. *Id.* The court found that a reasonable application could be "confused by this configuration of questions" and that it was "conceivable that an applicant might believe that the form was asking for convictions somehow related to medical conditions." *Id.*

The Defendant's motion provides examples of other perjury charges that were dismissed as fundamentally ambiguous. In *United States v. Lattimore*, 127 F. Supp. 405, 406 (D.D.C. 1955), the district court dismissed the defendant's perjury charged for answering "no" to the question of whether he was a "follower of the Communist line." The court found that the question was too vague because it provided an "open invitation to the jury to substitute, by conjecture, their understanding of the phrase for that of the defendant." *Id*. at 410. In *United States v. Ryan*, the court dismissed a perjury charged based on false statements in a banking

6

application that asked for the defendant's "previous address (last 5 years)." *Ryan*, 828 F.2d at 1010. The court found the term "previous address" to be ambiguous because it could mean a business address, a residential address or a mailing address, and that "address" was not synonymous with "domicile" or "primary residence." *Id.* at 1015.

Drawing from the ambiguities found in *Manapat*, *Lattimore* and *Ryan*, the Defendant in the instant case argues that the term "owner" in the indictment and in FAA Form 8050-1 is fundamentally ambiguous. The Defendant argues that the term is susceptible to many meanings and has been defined differently depending on the context and area of law. Under some of these definitions, the Defendant could qualify as an owner of the planes identified in the indictment because he bought the planes under his company's name and was in possession of them.

For example, Black's Law Dictionary defines "owner" as "[o]ne who has the right to possess, use, and convey something; a person in whom one or more interests are vested." *Black's Law Dictionary* (9th ed. 2009). Ownership is defined as "[t]he bundle of rights allowing one to use, manage, and enjoy property, including the right to convey it to others." *Id.* Alternatively, in the Code of Federal Regulations' chapter on Federal Aviation Administration, owner is defined as "a buyer in possession, a bailee, or a lessee of an aircraft under a contract of conditional sale, and the assignee of that person." 14 C.F.R. § 47.5(d) (2005).

Defendant argues another possible definition of the term "owner" can be found in aircraft forfeiture law regarding what individuals would qualify as the "owner" of an aircraft subject to forfeiture. In these types of forfeiture cases, courts have used various factors to determine whether an individual is the "owner" of an aircraft, such as "showings of actual possession, control, title and financial stake." *United States v. One 1945 Douglas C-54 (DC-4) Aircraft, Serial No. 22186*, 647 F.2d 864, 866 (8th Cir. 1981). Under these cases, even having a certificate

of aircraft registration is not conclusive as to ownership for forfeiture purposes. *See id.* at 866, 867 n.3 ("The mere fact that the certificate of aircraft registration was issued to Stumpff does not determine rights of ownership in the aircraft as between Kammerer and Stumpff. Such certificates are issued for registration purposes only and are not certificates of title. . . . In other circumstances, it is possible that a bill of sale and registration certificate might be sufficient to establish an ownership interest."). Finally, federal statutory law regarding forfeiture in general uses a definition that allows for more than one owner at any given time. 18 U.S.C. § 983, General Rules for Civil Forfeiture Proceedings, defines "owner" as "a person with an ownership interest in the specific property sought to be forfeited," and excludes an individual who "exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6). Thus, the Defendant argues that under statutory forfeiture law and forfeiture common law, he could qualify as an "owner" of the planes in addition to other individuals who could be concurrent owners.

The Defendant's argument that the term "owner" is fundamentally ambiguous falls short. The Defendant may be able to prove at trial that he was in fact an owner of the planes in question and therefore may be entitled to an acquittal on these counts. However, several portions of the form and the accompanying instructions provide clear direction as to the importance of the applicant being the owner of the plane being registered, and even provide contextual and specific explanations of who is an owner. The Form 8050-1 employs clear language that eliminates the contextual confusion caused by the FAA form in *Manapat*. The instructions for completing the 8050-1 states as follows:

AIRCRAFT REGISTRATION INFORMATION

*PREPARATION*: [ . . . ] The name of the applicant should be identical to the name of the purchaser shown on the applicant's evidence of ownership.

8

> ***EVIDENCE OF OWNERSHIP***: The applicant for registration of an aircraft must submit evidence of ownership that meets the requirements prescribed in Part 47 of the Federal Aviation Regulations. AC Form 8050-2, Aircraft Bill of Sale, or its equivalent may be used as evidence of ownership.

The "Evidence of Ownership" instruction puts the applicant on notice of the definition of ownership used in Federal Aviation Regulations, Part 47: "a buyer in possession, a bailee, or a lessee of an aircraft under a contract of conditional sale, and the assignee of that person." In the body of the Form 8050-1, the box asking for the "NAME OR APPLICANT" specifies that this entry should be completed with the name of the "Person(s) shown on evidence of ownership." And in the CERTIFICATION section, among the certifications required of the applicant is "(3) That legal evidence of ownership is attached with the Form or has been filed with the FAA." Finally, the Form 8050-1 warns that "A false or dishonest answer to any question in this application may be grounds for punishment by fine and/or imprisonment."

As a whole, the form makes repeated references to the importance of proof of ownership and the requirement that only an owner may complete the form. When the use of the term "owner" is examined in the context of the form, including the explanations and instructions contained in the form, and taking into account the extrinsic evidence of the Defendant's extensive familiarity and experience in the aviation business, there is no viable argument that the term is so fundamentally ambiguous as to preclude conviction as a matter of law. While the Defendant may be able to argue at trial that the Government's evidence does not prove that he knowingly stated he was the owner of the planes in question when he was not, such an argument is properly made at the end of the Government's presentation of evidence and not in a motion to dismiss.

III.   **CONCLUSION**

For the reasons stated above, the Defendant's Motion to Dismiss Counts 3 and 12-16 (ECF No. 53) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 25, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Designated U.S. Magistrate Judge
Counsel of record